# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-00114-HBB

**ROBERT HAWS**  PLAINTIFF

VS.

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Robert Haws ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 18) have filed a Fact and Law Summary. Additionally, Plaintiff has filed a motion for summary judgment (DN 15) and Defendant has filed a response (DN 18). For the reasons that follow, the final decision of the Commissioner is affirmed.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered December 1, 2017 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on June 27, 2014[1] (Tr. 10, 195). Plaintiff alleged that he became disabled on April 16, 2013, as a result of a back injury and degenerative disc disease (Tr. 10, 226). On April 19, 2016, Administrative Law Judge Marci P. Eaton ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 10, 80-82). Plaintiff and his attorney, Sara Martin, participated from Owensboro, Kentucky[2] (Id.). Also present in Paducah and testifying was Kenneth Boaz, an impartial vocational expert.

In a decision dated June 10, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 10-20). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 16, 2013, the alleged onset date (Tr. 12). At the second step, the ALJ determined that Plaintiff has the following "severe" impairment: degenerative disc disease status post lumbar surgeries with residual pain (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ made the following finding:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps and stairs, and occasionally climb ladders, ropes and scaffolds. He can frequently stoop, crouch, and crawl. He should avoid concentrated exposure to vibrating equipment, moving machinery and unprotected heights.

---

1 The administrative decision indicates the protective filing date of Plaintiff's application is June 16, 2014 (Tr. 10).

2 Although the administrative decision indicates attorney Christopher Rhoads (Tr. 10), the hearing transcript indicates attorney Sara Martin actually participated in the hearing (Tr. 82).

Relying on testimony from the vocational expert, the ALJ found that Plaintiff is capable of performing his past relevant work as a casting and forging machine operator (Tr. 18-19). Nonetheless, the ALJ made alternative findings for step five of the sequential evaluation process.

At the fifth step, the ALJ considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 20). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 16, 2013 through June 10, 2016, the date of the decision (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 193-94). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step, and made an alternative finding at the fifth step.

## Challenged Findings

Plaintiff's fact and law summary and supporting memorandum set forth challenges to Finding Nos. 4, 5, and 6 (DN 15; DN 15-1 PageID # 677-84). With regard to Finding No. 4, Plaintiff argues the ALJ should have found his degenerative disc disease met listing 1.04 in Appendix 1 (DN 15; DN 15-1 PageID # 677-679). Plaintiff challenges Finding No. 5 by asserting that substantial evidence does not support these underlying determinations: (1) the medical opinion of Dr. Rupert is not entitled to controlling weight; (2) Plaintiff's severe degenerative disc disease allows him to perform light work; and (3) Plaintiff's statements regarding pain and other

5

limitations are not fully credible (Id. PageID # 680-82, 683-84). And, with regard to Finding No. 6, Plaintiff makes a hypothetical argument that would result in a finding of disabled under the GRID Rules (Id. PageID # 682-83).

A.

The Court will begin by addressing Plaintiff's challenge to Finding No. 4. Plaintiff argues that the ALJ relied solely on the opinion of the non-examining State agency physician when the ALJ determined that Plaintiff's degenerative disc disease did not meet the requirements of listing 1.04A (DN 15; DN 15-1 PageID # 677-679). Plaintiff contends that the opinion does not constitute substantial evidence to support Finding No. 4 because of the volume of medical records demonstrating nerve root compression (three MRIs, two CT scans, and a lumbar myelogram Tr. 309, 346, 456-66, 467-68, 603), neuro-anatomic distribution of pain (Plaintiff's complaints Tr. 536), limitation of motion of the spine (independent medical exam Tr. 305), motor loss accompanied by sensory or reflex loss (Plaintiff's complaints Tr. 306, 317, 357, 509), and a positive straight-leg raising test (Tr. 316, 351) (Id.). Plaintiff contends this evidence demonstrates that he met listing 1.04A Disorders of the Spine (Id.).

In response, Defendant contends that Plaintiff has not demonstrated that his low back impairment satisfied all of the specified medical criteria in listing 104A (DN 18 PageID # 692-95). Defendant notes that Plaintiff has not alleged he had motor loss, defined as atrophy with associated muscle weakness or muscle weakness (Id.). Defendant indicates that the ALJ noted Plaintiff consistently demonstrated normal strength during examinations (Id. citing Tr. 14-15, 17, 328, 331, 334, 340, 343, 351, 359, 372-73, 389-90, 395, 400, 412-13, 417, 423, 444, 452, 457, 521, 524, 538, 580, 594). Additionally, Defendant points out that Plaintiff did not have the required sensory or reflex loss because his EMG was normal and physical examinations showed no sensory deficits

6

(Id. citing Tr. 16-17, 497, 500, 502, 539). Defendant asserts that only two medical sources considered whether Plaintiff met or medically equaled listing 1.04A and both concluded that he did not based on the medical evidence in the record (Id. citing Tr. 106-114, 115-126). Defendant argues that Plaintiff has not satisfied his burden of demonstrating that he met or medically equaled listing 1.04A (Id.). Further, Defendant contends the ALJ's finding is supported by substantial evidence in the record (Id.).

At the third step, the claimant has the burden of demonstrating he has an impairment that meets or medically equals a listing in Appendix 1. *See* 20 C.F.R. § 404.1520(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. § 404.1525(d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b); Social Security Ruling 96-5p; Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986). Since a finding that a claimant meets or equals a listing is dispositive of the case, the finding is reserved to the Administrative Law Judge. Social Security Ruling 96-5p.

The listing at issue reads as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. To meet this listed impairment, Plaintiff must satisfy all of the requirements set forth above. *See* Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); Berry v. Commissioner, 34 F. App'x 202, 203 (6th Cir. 2002) ("If all the requirements of the listing are not present, the claimant does not satisfy that listing.").

Plaintiff has pointed to evidence indicating his back condition satisfied some of the criteria of this listing. However, he has not demonstrated that his impairment fulfilled all of the requirements of listing 1.04A. Plaintiff has not identified, nor has the Court found, medical evidence of "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss[.]" Additionally, the ALJ recognized, as does this Court, the existence of medical evidence in the record demonstrating no obvious strength deficits or normal muscle strength during examinations (Tr. 14-15, 17, 328, 331, 334, 340, 343, 351, 359, 365, 372-73, 389-90, 395, 400, 407, 412-13, 417, 423, 444, 457, 521, 524, 538, 580, 594) as well as an EMG and physical examinations showing the absence of sensory or reflex loss (Tr. 16-17, 497, 328, 331, 334, 343, 351, 359, 500, 502, 521, 524, 538, 539, 594). Further, the ALJ noted the

8

medical evidence showed occasional, as opposed to consistent, positive straight leg raising test results (Tr. 16). In sum, Plaintiff has failed to demonstrate that he satisfied all of the requirements of listing 1.04A. Further, Finding No. 4 is supported by substantial evidence in the record.

B.

The Court will now address Plaintiff's three challenges to the residual functional capacity (RFC) set forth in Finding No. 5. The RFC is an Administrative Law Judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. An Administrative Law Judge makes this assessment based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the RFC, an Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

    1. Assignment of Weight to Dr. Rupert's Opinion

The parties agree that Dr. Steven Rupert, a pain specialist, is a treating source within the meaning of the regulations. There are two comments in Dr. Rupert's treatment notes. The first, in a September 16, 2014 treatment note, reads "[h]e can not [sic] work more than 15min [sic] even cutting the acre of grass takes him 2 days due to pain, he has to lay down 6xs a day due to his pain" (Tr. 445). The second comment, in a May 29, 2015 treatment note, states "[t]he patient is disabled and is on SS disability and unable to work" (Tr. 457).

Plaintiff's argument focuses on Dr. Rupert's September 2014 comment (DN 15-1 PageID # 680-81). Plaintiff believes this was a medical opinion from a treating source that should have been accorded controlling or great weight (Id.). Plaintiff argues the ALJ's failure to give such

9

weight to Dr. Rupert's opinion is contrary to the applicable law and not supported by substantial evidence in the record (Id.).

Defendant's argument also focuses on Dr. Rupert's September 2014 comment (DN 18 PageID # 695-96). Defendant contends that the comment was not a medical opinion within the meaning of 20 C.F.R. § 404.1527(a)(1) (Id.). Next, Defendant points out that Dr. Rupert's comment was not entitled to any weight because he clearly relied on Plaintiff's self-reported limitations (Id.).

The ALJ provided a thorough summary of Dr. Rupert's medical records (Tr. 14, 15). The ALJ also discussed the September 2014 and May 2015 comments and explained why she discounted Dr. Rupert's opinion (Tr. 14, 15). In pertinent part the administrative decision reads as follows:

> Dr. Rupert's opinion that the claimant is disabled is not a medical opinion, but rather a conclusionary [sp] opinion reserved to the Commissioner of the Social Security Administration. However, the opinion is given no weight in light of Dr. Rupert's most recent examination findings as stated. Furthermore, the claimant was not receiving Social Security disability payments at this time. For these reasons, Dr. Rupert's opinion is given no weight.

(Tr. 15).

The Court notes that a vocational opinion within a medical source statement goes beyond a medical judgment regarding what an individual can still do and is a finding that may be dispositive of the issue of disability. Social Security Ruling 96-5p, 1996 WL 374183, at *2-5 (July 2, 1996). Clearly, the September 2014 and May 2015 comments in Dr. Rupert's treatment notes constitute conclusory vocational opinions that are not entitled to controlling weight or to be given special significance. See Id. at *5. Inasmuch as Dr. Rupert's comments were inconsistent with findings in his own treatment notes, an appropriate basis existed for the ALJ to discount them. See Bogle

10

v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993) (When a doctor's opinion is inconsistent with his previous opinion or his treatment records the Commissioner is not required to credit that opinion.); Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (per curiam) (same). Further, contrary to Plaintiff's assertion, the ALJ provided good reasons for not according any weight to Dr. Rupert's comments. Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). In sum, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

2. Assessment of Plaintiff's Subjective Statements

Plaintiff argues that the ALJ discounted his testimony regarding pain and other symptoms without articulating valid reasons for doing so (DN 15-1 PageID # 683-84). Plaintiff contends his testimony was consistent regarding the intensity, persistence, and limiting effects of his pain and other symptoms (Id.).

Defendant contends that the ALJ's assessment of Plaintiff's subjective statements is supported by substantial evidence and comports with applicable law (DN 18 PageID # 698-700). Further, Defendant asserts that the ALJ reasonably considered a number of factors such as Plaintiff's level of daily activity and inconsistencies in the record in making this assessment (Id.).

In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. A claimant's statement that he is experiencing pain and other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and

11

other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must next determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id.

The ALJ carefully examined the medical evidence and concluded there was objective medical evidence of an underlying lower back condition (Tr. 13-17). However, the ALJ concluded this objectively established medical condition was not of such severity that it could reasonably be expected to produce the intensity, persistence, and limiting effects of the pain and other symptoms claimed by Plaintiff (Id.).

When, as here, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the regulations allow consideration of other information and factors that may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3). For example, the ALJ appropriately considered Plaintiff's level of daily activity in determining the extent to which pain and other symptoms are of disabling severity (Tr. 13-17). *See* 20 C.F.R. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). Further, the ALJ properly considered inconsistencies in the evidence and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence (Id.). *See* 20 C.F.R. § 404.1529(c)(4).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain and other symptoms to the extent he testified. In the absence of detailed corroborating

evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and comport with applicable law.

3. Whether Substantial Evidence Supports the RFC

Plaintiff asserts that the RFC is not supported by substantial evidence, including the medical records and opinions of Dr. Rupert (DN 15-1 PageID # 681-82). Plaintiff believes that the evidence demonstrates his severe degenerative disc disease precludes him from performing even sedentary work (Id.).

Defendant argues that substantial evidence supports the RFC (DN 18 PageID # 696-700). Defendant points out that the ALJ gave great weight to the medical opinion of Dr. Sangara (non-examining state agency physician) because his opinion was consistent with the medical evidence in the record (Id.). Defendant asserts that the medical opinion of Dr. Sangara provides substantial evidence to support the ALJ's RFC (Id.).

The regulations provide that "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). The Sixth Circuit has indicated that non-examining medical source opinions are to be weighed based on specialization, consistency, supportability,

and other factors that tend to support or contradict the opinion. *See* Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)). When the opinion of a non-examining State agency medical source is consistent with the record, the opinion represents substantial evidence to support the Administrative Law Judge's decision. 20 C.F.R. § 404.1527(e)(2); Social Security Ruling 96-6p, 1996 WL 374180, at *2, 3 (July 2, 1996); Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).

Dr. Sangara rendered his opinion in September 2014 (Tr. 121-23). In the administrative decision, dated June 10, 2016, the ALJ noted that Dr. Sangara opined that Plaintiff was capable of light work, but could occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs, stoop, crouch, and crawl; and was to avoid concentrated exposure to vibration and hazards such as machinery and heights (Tr. 18). The ALJ implicitly acknowledge that other evidence had been submitted after Dr. Sangara rendered his opinion (Id.). However, the ALJ found that the objective medical evidence submitted after September 2014 would not alter the determination of Dr. Sangara (Id.). *See* Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009) (when additional evidence is submitted after the opinion was rendered, the Administrative Law Judge must indicate he has considered that fact before giving greater weight to the non-examining source's opinion). Therefore, the ALJ gave great weight to Dr. Sangara's opinion (Tr. 18). The Court concludes that the RFC is supported by substantial evidence in the record and comports with applicable law.

C.

With regard to Finding No. 6, Plaintiff makes a hypothetical argument that would result in a finding of disabled under the GRID Rules (DN 15-1 PageID # 682-83). Plaintiff asserts that if he had a sedentary RFC then all of his past relevant work would have been eliminated and, because

14

he was over age 50 at the time of onset and had no transferable skills, the ALJ would have found him disabled under a GRID ruling (Id.).

Defendant argues this is a meritless reformulation of Plaintiff's argument attacking the adequacy of the ALJ's RFC determination (DN 18 PageID # 700-01). Defendant asserts that the ALJ's RFC determination is supported by substantial evidence and the ALJ reasonably relied on the vocational expert's testimony indicating that Plaintiff could return to his past relevant work (Id.).

For the reasons set forth above, the ALJ's RFC finding is supported by substantial evidence in the record. Therefore, the rest of Plaintiff's hypothetical argument fails for lack of a foundation.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:	Counsel